UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JAMES MORZILLO,

                Plaintiff,

      -against-

EXPERIAN INFORMATION SOLUTIONS, INC,

                Defendant
------------------------------------------------------------------x

1:25-cv-2722

COMPLAINT

Plaintiff, JAMES MORZILLO ("Plaintiff"), brings this action against EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* by placing an account belonging to Plaintiff's father on Plaintiff's credit file and failing to resolve the issue even after Plaintiff disputed the account with Experian.

2. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

4. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, a natural person, was a resident of the State of New York during a portion of the relevant time period, and County of New York and qualifies as an individual "consumer" within the meaning of the FCRA.  See 15 U.S.C. § 1681a(c).

6. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York.  Experian qualifies as a "consumer reporting agency" within the meaning of the FCRA.  See 15 U.S.C. § 1681a(f).

## FACTUAL BACKGROUND

7. Plaintiff received an email from American Express in November 2024 informing him that they were reducing his credit limit.  Plaintiff's account went from having no credit limit at all to a relatively small credit limit of $2,800.

8. Plaintiff was surprised by the reduction since he had not missed any payments or was late on any of his credit accounts.

9. Plaintiff then checked his credit reports, and noticed a collections account on his Experian report from Rent Recovery Solutions for an apartment at Harbor Point.

10. Plaintiff had never rented an apartment from Harbor Point, and disputed the account with Experian.

11. Experian to Plaintiff's dispute on November 26, 2024 by verifying that the account belonged to Plaintiff and refusing to remove the account from Plaintiff's file with Experian.

12. Plaintiff further disputed the account directly with both Rent Recovery Solutions and Harbor Point Apartments, and learned that the apartment had actually been rented by his father, who shares a name with Plaintiff.

13. Plaintiff disputed the account again with Experian two more times.

14. On both January 8, 2025 and February 212, 2025 Experian once again falsely verified that the account belonged to him and refused to remove it from his credit report.

15. Plaintiff has repeatedly been denied credit as a result of Experian's conduct here, including having his credit limit reduced on existing accounts and being denied lending on real estate transactions.

16. Accordingly, Plaintiff has suffered substantial harm as a result of Defendant's conduct here. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor in being denied credit and caused Plaintiff significant emotional distress and damage to his reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FCRA

17. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

18. Defendant willfully, (or in the alternative negligently) violated 15 USC § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff.

19. Defendant Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the subject account.

20. Defendant Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

21. Defendant Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous subject account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

22. Accordingly, Defendant is thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: April 1 , 2025

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
238 Merritt Drive
Oradell, NJ 07649
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*